Oleson v. City of Plattsmouth.

THEO. OLESON ET AL. V. CITY OF PLATTSMOUTH
ET AL.

[FILED JULY 1, 1892.]

1. **Negligence:** DAMAGES FROM CONSTRUCTION OF SEWER: RE-
   VIEW. In an action against a contractor for the construction of
   a sewer for damages to a brick building from settling, caused by
   the negligence of the contractor in the excavation for the sewer,
   *held*, that, in view of the sharp conflict in the evidence, the judg-
   ment of the court below would be affirmed.

2. ———: ———. The contractor was justified, as shown by the evi-
   dence, in not prosecuting the work at night or on Sundays.

APPEAL from the district court for Cass county. Heard
below before CHAPMAN, J.

John C. Shea, for appellants Haubens & Shelton, cited:
*Birmingham v. M' Crary,* 4 S. Rep. [Ala.], 631; Woods,
Master & Servant, sec. 314; *Water Co. v. Ware,* 16 Wall.
[U. S.], 566; 2 Dillon, Mun. Corp., sec. 1029; *Wray v.
Evans,* 80 Pa. St., 102; *Chicago v. Robins,* 2 Black [U.
S.], 418.

C. S. Polk, contra.

MAXWELL, CH. J.

This cause originated by Haubens & Shelton entering
into a written contract with the city of Plattsmouth to
construct a sewer in said city, under the instructions and
according to the plans and specifications given by the city.
The sewer was constructed during the year 1889 through
an alley for some distance, and which alley was on block
35, bounded on either side by brick buildings, which, at
the point where the principal damages complained of oc-
curred, were the property of Henry Boeck. Haubens &
Shelton gave a bond for the fulfillment of the contract.

After the sewer was completed these claims for damages to adjacent property owners were filed with the city council, one each by Boeck, White, and Dovey. By the conditions of their contract five per cent of the contract price was held back for six months, amounting in this case to $2,165, which, with interest at time of trial in district court, amounted to $2,231.47. The original case, as instituted, was by the bondsmen of the contractors, Theo. Oleson *et al.*, to enjoin the city from paying over this five per cent indemnity until the damages were settled, and upon the issues as then joined no question is now being litigated, as no one is contesting them, but the injunction still remains in force. Afterwards amended pleadings were filed and the issue changed to a contest between the contractors and city over the aforesaid five per cent indemnity.

By the provisions of the contract the city was to furnish plans and specifications by which to construct said sewer, which also provided that it shall be built subject to the directions of the engineer placed in charge of said work by the party of the first part, subject to the acceptance of the said work by the engineer and board of public works and approval thereof by the mayor and council," and the contract contains the following provisions:

"Sec. 18. Haubens & Shelton, contractors, expressly bind themselves to indemnify and save harmless the city of Plattsmouth from all suits or actions of every name or description brought against the city, for or on account of any injury or damage received or sustained by any party or parties by or from Haubens & Shelton, or their servants or agents, in the construction of said work, or by or in consequence of any negligence in guarding the same, or any improper materials used in its construction, or by or on account of any act or omission of the said Haubens & Shelton, or their agents."

On the trial of the cause a jury was waived and the court found the issues and rendered judgment as follows:

"On the 28th day of June this cause came on to be heard on the pleadings filed in this case and upon the evidence, and was submitted to the court and taken under advisement.

"And now on this 11th day of August, 1890, the court, having been fully informed and advised in the premises, finds that there is due from the city of Plattsmouth, defendant, to the defendants Haubens & Shelton, sewer contractors, the sum of $652.03; that in the building and construction of the sewer through the alley in block 35, in Plattsmouth city, defendants Haubens & Shelton were guilty of negligence and want of due care, and thereby caused the damage to buildings and improvements of Henry Boeck in the sum of and amount of $1,500, and that under the contract between said city and its co-defendants Haubens & Shelton said Haubens & Shelton are liable to said city for the amount of such damages, together with the costs incurred in and about the prosecution of the said suit between the said city of Plattsmouth and said Henry Boeck, which costs amount to the sum of eighty-five and $\frac{38}{100}$ dollars; and that the said city had the right to withhold said sum of $1,500 from the amount due said contractors, together with the sum of $85.38, costs incurred in the said suit against the city of Plattsmouth.

"The court further finds as a matter of fact that Haubens & Shelton had due notice of the pendency of the said action between the city of Plattsmouth and Henry Boeck and were present in court, represented by counsel, when said cause was tried and assisted in the defense thereof.

"It is therefore considered by the court that Haubens & Shelton recover from the said city of Plattsmouth the sum of $625.03 and costs of this action; and that said city shall withhold the sum of $1,585.38 of the amount due said contractors, and the injunction heretofore granted in this case be dissolved."

The sewer seems to have been well constructed, of good

material, and according to the plans and specifications. Under the contract the contractors would not be liable for damages unless they were negligent in the performance of their contract, whereby another sustained damages. The only negligence proved was the great delay in passing the brick building of Henry Boeck, which he testifies was about thirty days, and on the part of the contractor is stated to be two weeks. Boeck claims that he insisted that the contractors should procure a sufficient light and cause the men to work nights, also that they should have worked on Sundays, and that he requested them to do so, which they refused to do. The overseer to supervise the work testifies that he refused permission to work at night, as such work was liable to be defective, and this is not denied. As to the neglect to work on Sundays we think the contractors were perfectly justified in their refusal. Sunday is a day of rest. Experience has demonstrated the necessity of the Divine law creating the Sabbath in order that both the minds and bodies of men may recuperate from the labors of the week. Works of necessity or mercy are excepted, but the necessity which will justify labor must be pressing and immediate. If it can be deferred until the following or succeeding day, there is no justification for working on Sunday. This leaves but one question, viz , Was there undue delay in the construction of the sewer after the excavations therefor were made? The alley at that point is thirteen feet in width, and the completed sewer is nearly ten feet in width. The excavation for the sewer extended several feet below the footing of the walls of Boeck's buildings. This excavation, according to his testimony, remained open for a long time, and was the direct cause of his building settling, and the cause of the injury.

On the part of the contractors it is shown that Boeck had a cistern in his cellar near the sewer which would contain about 130 barrels of water; that the cistern was full of water; that Boeck said nothing about this to the con-

tractors, but the water leaked through the wall into the excavation, when they investigated the cause and found the cistern, which they caused to be emptied of its contents at once.    It is pretty evident that the testimony in regard to the cistern is in the main correct, and under proper issues would have been a question for a jury.

It is impossible in the condition of the record for this court to say to what extent, if at all, it caused the injury. The injury was, no doubt, caused by the deep excavation which was necessary in order to bring the bottom of the sewer to the grade established by the engineer, but the contractor should have used reasonable diligence under all the circumstances to prevent injury, and the proof upon the question of diligence is conflicting and nearly equally balanced, and therefore we cannot review the facts.    The judgment is

AFFIRMED.

THE other judges concur.